**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Chris Mena, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:26-cv-03284 |
| Sand Shark Oilfield Services LLC, | § § | JURY TRIAL DEMANDED |
| Defendant. | § § | COLLECTIVE ACTION |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Chris Mena ("Plaintiff" or "Mena"), individually and on behalf of all other similarly situated employees, files this Complaint against Sand Shark Oilfield Services LLC ("Defendant" or "Sand Shark"), showing in support as follows:

### I.    NATURE OF ACTION

1.    This is a civil action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA") seeking damages for Defendant's failure to pay Plaintiff time and one-half the regular rate of pay for all hours worked over 40 during each seven-day workweek while working for Defendant paid on a day rate basis because Defendant misclassified him as an independent contractor.

2.    Plaintiff files this lawsuit individually and as a collective action on behalf of all current and former workers of Defendant who are/were paid on a day rate basis and are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven-day workweek because they were also misclassified as independent contractors, in the time period of three years preceding the date this lawsuit was filed and forward (the "Collective Action Members").

3.      Plaintiff and the Collective Action Members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs, and post-judgment interest.

## II.      THE PARTIES

### A.      Plaintiff Chris Mena

4.      Plaintiff Chris Mena is an individual residing in Harris County, Texas. Plaintiff has standing to file this lawsuit.

5.      Plaintiff began working for Defendant on or about February 2021, through on or about 2025.

6.      At all times, Defendant paid Plaintiff on a day rate basis of approximately $350 per day.

7.      Plaintiff's written consent to participate in this lawsuit is filed along with this Original Complaint as Exhibit 1.

### B.      Collective Action Members

8.      The putative Collective Action Members are all current and former day rate paid, misclassified independent contractor workers of Defendant who are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven-day workweek in the time period of three years preceding the date this lawsuit was filed and forward. Because Defendant did not pay all overtime premium compensation due to its workers paid on a day rate basis who routinely worked in excess of 40 hours per workweek, Plaintiff and the putative Collective Action Members are all similarly situated within the meaning of Section 216(b) of the FLSA.

9.      The relevant time period for the claims of the putative Collective Action Members is three years preceding the date this lawsuit was filed and forward.

**C.      Defendant Sand Shark Oilfield Services LLC**

10.      Defendant is a Texas limited liability company organized under the laws of the State of Texas.

11.      Defendant's principal place of business is 315 Dawson Rd., Mercedes, Texas 78520.

12.      At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

13.      At all times relevant to this lawsuit, Defendant employed and continues to employ two or more employees.

14.      At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

15.      Defendant employed two or more employees who regularly engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

16.      Furthermore, Defendant employed two or more employees who regularly handled, sold or otherwise worked on goods and/or materials in his daily work that were moved in and/or produced for commerce. Examples of such goods and/or materials include fuel, tools, vehicles, and supplies/materials used in connection with wind turbine operations.

17.      On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

18.      Defendant may be served with summons through its registered agent: Isaiah Martinez, 315 Dawson Rd., Mercedes, Texas 78520.

### III.   JURISDICTION AND VENUE

19.     This Court has subject matter jurisdiction over this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 and because Plaintiff's claims are based on federal law, namely the FLSA. *See* 29 U.S.C. § 216(b).

20.     The United States District Court for the Southern District of Texas has personal jurisdiction over Defendant because Defendant does business in Texas and in this District, because Defendant is headquartered in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in Texas and in this District.

21.     Venue is proper in this District and/or Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to all claims occurred in this District.

### IV.   FACTUAL BACKGROUND

22.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

23.     Defendant employed Plaintiff as a field supervisor worker, performing manual labor tasks on Defendant's customer's work sites. His primary job duties involved directing the direction of trucks that came onto a customer worksite, directing trucks where to offload on a customer site, preparing paperwork for frac crews, and to send out updates.

24.     At all material times, Defendant paid Plaintiff on a day rate basis for all hour worked including overtime hours. Similarly, Collective Action Members were paid on a day rate basis with no additional overtime premium pay for overtime worked.

25.     Plaintiff and the Collective Action Members routinely worked in excess of forty (40) hours per workweek for Defendant. Plaintiff's weekly work schedule typically encompassed eighty-four (84) hours of work per week or more. However, Defendant did not pay Plaintiff and

the Collective Action Members time and one-half the regular rate of pay for all hours worked over 40 during each and every workweek.

26.     Defendant misclassified Plaintiff and other similarly situated employees (i.e. Collective Action Members) as independent contractors, paying them with IRS tax form 1099s.

27.     But Plaintiff and similarly stated workers, as a matter of economic reality,[1] were in fact Defendant's employees under the FLSA.

28.     Plaintiff and similarly situated employees retained no control over their work. Defendant told Plaintiff and the Collective Action Members where to go, what to do, how to prepare and perform work, and how long they would be performing services for Defendant's customers. Defendant set Plaintiff and similarly situated employees' hours of work/shift, and they worked consistent hours.

29.     Plaintiff and the Collective Action Members did not provide his own tools or materials. Rather, they used tools that were provided by Defendant or its customers.

30.     Plaintiff and similarly situated employees did not have the ability to hire or fire subcontractors. Rather, Plaintiff and the Collective Action Members were required to perform their work duties themselves.

31.     Plaintiff and similarly situated employees were unable to provide services for another company while working for Defendant and were economically dependent on Defendant's payment of wages for their livelihood. Plaintiff and similarly situated workers did not market themselves or their services to other potential clients or customers. Rather, Plaintiff and Collective Action Members simply did their work as Defendant assigned.

---

[1]   *See Hopkins v. Cornerstone America*, 545 F.3d 338, 343 (5th Cir. 2008).

32.     Plaintiff and similarly situated employees had no opportunity to maximize their profits through any special initiative or business acumen and had no opportunity for loss. Rather, they were simply paid for every day that they worked. Furthermore, Plaintiff and similarly situated workers could not negotiate their respective pay rates, rather, pay was offered on a "take it or leave it" basis.

33.     Plaintiff and similarly situated employees' respective employment relationships with Defendant were not for a defined period of time, but more closely resembled an at-will employment relationship.

## V.     FLSA CLAIMS FOR OVERTIME PAY

34.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

35.     At all relevant times, Defendant is/was an eligible and covered employer under the FLSA. *See* 29 U.S.C. § 203(d).

36.     At all times relevant to this lawsuit, Defendant has been and is an enterprise engaged in commerce under the FLSA. *See* 29 U.S.C. § 203(s)(1)(A).

37.     Plaintiff is/was an employee of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

38.     Plaintiff was not exempt from overtime under the FLSA.

39.     Plaintiff was paid on a day rate basis by Defendant.

40.     At times relevant to this lawsuit, Plaintiff worked in excess of 40 hours per seven-day workweek as an employee of Defendant.

41.    Defendant is/was required to pay Plaintiff time and one-half his respective regular rates of pay for all hours worked over 40 in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1).

42.    Defendant failed to pay Plaintiff one and one-half times his respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit in violation of the FLSA.

43.    Defendant failed to maintain and preserve payroll records which accurately show the total hours worked by Plaintiff individually, on a daily and weekly basis in violation of the recordkeeping requirements of the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a) & 516.5.

44.    Defendant's violation of the FLSA, as described above, is/was willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant was aware that Plaintiff was not paid overtime premium pay at the rate of time and one-half his respective regular rates of pay for all hours worked over forty in a seven-day workweek.

45.    Plaintiff specifically pleads recovery for the time period of three years preceding the date this lawsuit was filed and forward for his FLSA claim as the result of Defendant's willful conduct. *See* 29 U.S.C. § 255(a).

46.    Plaintiff seeks all damages available for Defendant's failure to timely pay all overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

## VI.    COLLECTIVE ACTION CLAIMS

47.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

48.     Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis.

49.     Plaintiff seeks to bring claims under the FLSA, 29 U.S.C. § 216(b), individually and on behalf of a collective preliminarily defined as:

> **All current and former workers of Defendant who are/were misclassified as independent contractors, paid on a day rate basis, who are/were not paid one and one-half times their respective regular rates of pay for all hours worked over 40 during each seven-day workweek in the time period of three years preceding the date this lawsuit was filed and forward.**

50.     Because Defendant did not pay all overtime premium compensation due to its workers paid on a day rate basis who routinely worked in excess of 40 hours per workweek, Plaintiff and the putative Collective Action Members are all similarly situated within the meaning of Section 216(b) of the FLSA.

51.     The putative Collective Action Members are not exempt from receiving overtime premium pay under the FLSA.

52.     Defendant's failure to pay overtime wages results from generally applicable policies or practices and does not depend on the personal circumstances of the putative Collective Action Members.

53.     The specific job titles or precise job responsibilities of each putative collective action member do not prevent collective treatment.

54.     Although the exact amount of damages may vary among the putative collective action members, their respective damages are easily calculable using a simple formula uniformly applicable to all of them.

55.     Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a collective action or other proceeding. Plaintiff

further reserves the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VII.    JURY DEMAND

56.    Plaintiff demands a jury trial.

## VIII.    DAMAGES AND PRAYER

57.    Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and the putative Collective Action Members be awarded a judgment against Defendant or order(s) from the Court for the following:

a.  An order requiring notice to be issued to all putative collective action members under *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430 (5th Cir. 2021);

b.  All damages allowed by the FLSA, including back wages;

c.  Liquidated damages in an amount equal to FLSA-mandated back wages;

d.  Legal fees;

e.  Costs;

f.  Post-judgment interest;

g.  All other relief to which Plaintiff and the collective action members may be justly entitled.

Dated:  April 22, 2026                        Respectfully submitted,

By:    s/Ricardo J. Prieto                    
Ricardo J. Prieto
State Bar No. 24062947
Fed. ID No. 1001658
rprieto@wageandhourfirm.com
Melinda Arbuckle
State Bar No. 24080773
Fed. ID No. 2629125

marbuckle@wageandhourfirm.com
**Wage and Hour Firm**
5050 Quorum Drive, Suite 700
Dallas, TX 75254
(214) 489-7653 – Telephone
(469) 489-0317 – Facsimile

ATTORNEYS FOR PLAINTIFF AND PUTATIVE
COLLECTIVE ACTION MEMBERS